**Richard C. Hunt,** OSB No. 680770
rhunt@barran.com
**Edwin A. Harnden,** OSB No. 721129
eharnden@barran.com
**Laura Salerno Owens,** OSB No. 076230
lsalerno@barran.com
Barran Liebman LLP
601 SW Second Avenue
Suite 2300
Portland, Oregon  97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212
Attorneys for Plaintiff K.F. Jacobsen & Co., Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland

| | |
|---|---|
| K.F. JACOBSEN & CO., INC., | CV. |
| Plaintiff, | **COMPLAINT** |
| v. | (Violation of Computer Fraud and Abuse Act; violation of Electronic Communications Privacy Act; violation of Uniform Trade Secrets Act; conversion; and injunction) |
| RYAN GAYLOR, | |
| Defendant. | |

**JURISDICTION AND VENUE**

1.    This is an action for legal and equitable relief for violations of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, et seq; violations of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2701, et seq; the Uniform Trade Secrets Act; conversion; and injunction.

Page 1 - COMPLAINT

2.  Plaintiff herein transacts business in the state of Oregon, including the Portland metropolitan area. Plaintiff is informed and believes that defendant resides in Castle Rock, Washington.

## PARTIES

3.  K.F. Jacobsen & Co., Inc. ("plaintiff" or "company") is an Oregon corporation.

4.  Ryan Gaylor ("defendant" or "Gaylor") is a former employee of plaintiff and worked in Multnomah County.

## FACTUAL BACKGROUND

5.  Plaintiff manufactures and supplies asphalt materials and is an asphalt paving contractor. It provides these products and services at various locations.

6.  Defendant was hired on May 5, 2008, and worked until January 4, 2012.

7.  Defendant initially worked as an estimating technician and in that capacity was a project estimator for plaintiff.

8.  On December 1, 2009, defendant was assigned to a different position, quality control technician.

9.  During the period that defendant worked as quality control technician he was provided a company computer and was authorized to access electronic files that were related to his position as quality control technician.

10. In or around July of 2011 defendant ceased working as quality control technician and following his removal from that position no longer had a company computer or access to a company computer and did not have authorization or consent to access company computers.

11. In or around July of 2011 defendant was replaced as quality control technician by Mike Rinne ("Rinne"). Rinne at that time was given access to a company computer and was authorized to use the company terminal to access electronic information related to the quality control technician position.

Page 2 - COMPLAINT

12. From July of 2011 through August 29, 2011, defendant worked on special projects, primarily related to the company's project on the Fremont Bridge in Portland, Oregon.

13. Defendant was on leave from August 29, 2011, through October 24, 2011.

14. Upon his return from leave, defendant returned to his special projects position.

15. At no time when defendant was assigned to work on special projects or thereafter was defendant given a company computer or access to a company computer or given authorization or consent to access any computer terminal.

16. Commencing in early November of 2011, defendant was reassigned from the special projects position to the position of plant expediter. In the plant expediter position he worked as directed and assisted in preparing estimates for projects. Defendant, as plant expediter, was not provided a company computer or authorized to access any of the company's computers or authorized to use company computer terminals to access electronically stored information of the company.

17. On November 22, 2011, defendant requested that he be assigned a computer. In response to this request, plaintiff's management told him he would not be given a computer or given access to the company's computer terminals to access electronic information of plaintiff.

18. On December 5, 2011, defendant was observed accessing the company terminal that was assigned to Rinne. The same day, December 5, 2011, Rinne (the quality control technician) was in Salem, Oregon receiving training at the direction of the company.

19. Plaintiff has confirmed that the computer assigned to Rinne was accessed at 9:48 a.m. on December 5, 2011, while Rinne was in Salem for training purposes.

20. Defendant separated from plaintiff on January 6, 2012.

21. Commencing on or about May 10, 2012, defendant began working for Granite Construction Company in Vancouver, Washington. Granite Construction Company is a competitor of plaintiff.

Page 3 - COMPLAINT

*Plaintiff's electronically stored information in defendant's possession.*

22.     On October 24, 2012, plaintiff learned that defendant obtained and retained electronic native copies of 1,561 company documents. These documents included quality control reports relating to various items including non-asphalt materials including aggregate crush rock, liquid asphalt (tar), and R.A.P. (reclaimed asphalt also known as recycled asphalt).

23.     Plaintiff's documents that were stored electronically and taken and retained by defendant are not public documents. Instead, the documents in defendant's possession are trade secrets and highly confidential and propriety because they contain information regarding plaintiff's products, plaintiff's quality control tests, data regarding plaintiff's operations, and other sensitive information regarding plaintiff's business.

*Additional documents in defendant's possession.*

24.     In addition, on October 24, 2012 plaintiff learned that defendant had in his possession and had retained a number of highly sensitive and confidential company documents including but not limited to asphalt plant daily reports, inventory production totals, customer information, truck/job totals, field worksheets, voids worksheet, gyratory data, and other highly confidential and proprietary company documents. These documents contain trade secrets and confidential and propriety information of the company.

25.     Some or all of additional documents plaintiff described may have been stored electronically.

*Defendant has disclosed the documents.*

26.     Plaintiff is informed and believes and therefore alleges that following defendant's misappropriation of the company documents and defendant's unauthorized access of plaintiff's computer, defendant disclosed the company's confidential and proprietary information and trade secret information to third parties.

27.     If the documents in defendant's possession were to be disclosed to third parties, including but not limited to competitors, or otherwise made public by defendant or others acting

Page 4 - COMPLAINT

in concert with defendant, then this disclosure would be highly detrimental to the plaintiff in that the documents include sensitive information such as labor costs, fuel cost information, data regarding the volume of plaintiff's business, customer identity information, and other confidential and proprietary information and trade secret information regarding plaintiff's business, its operations, and financial information regarding plaintiff's business.

28. Plaintiff is informed and believes and therefore alleges that the third parties to whom said confidential and trade secret information were disclosed included defendant's attorney, Eric J. Fjelstad. Mr. Fjelstad used that information on defendant's behalf to attempt to benefit defendant to the detriment of plaintiff.

29. Eventually a copy of the documents that were misappropriated and/or obtained by unauthorized computer access by defendant were produced by defendant's attorney, Eric J. Fjelstad, to attorneys of plaintiff on October 24, 2012.

30. Plaintiff is informed and believes and therefore alleges that the original copy of the misappropriated documents that were obtained by defendant remain in defendant's possession and control.

**FIRST CLAIM FOR RELIEF**

**(Violation of Computer Fraud and Abuse Act)**

31. Plaintiff realleges paragraphs 1-30.

32. The computer server on which plaintiff's electronic information is stored is a "protected computer" under 18 U.S.C. § 1030, as it is used in and affects interstate commerce.

33. Plaintiff is informed and believes and therefore alleges that on at least one occasion (December 5, 2011) defendant accessed plaintiff's computer without authorization or consent and acquired and obtained confidential and proprietary information of plaintiff stored on plaintiff's computer.

34. By virtue of the unauthorized acquisition of plaintiff's confidential and proprietary information that was stored on plaintiff's computer, defendant intentionally accessed

Page 5 - COMPLAINT

a computer used in interstate commerce without authorization and, as a result, caused damage and/or loss to plaintiff.

35. By virtue of the unauthorized access of plaintiff's computer, defendant has improperly obtained and retained confidential and proprietary business information of plaintiff.

36. Plaintiff has suffered damages and loss in excess of $5,000 by reason of defendant's unauthorized acquisition and retention of the confidential and proprietary business information belonging to plaintiff.

## SECOND CLAIM FOR RELIEF

### (Violation of the Electronic Communications Privacy Act)

37. Plaintiff realleges paragraphs 1-30 and 32-36.

38. Plaintiff's computers are facilities through which electronic communication services are provided.

39. Plaintiff is informed and believes and therefore alleges that when the quality control technician (Mike Rinne) was away from his computer station and was assigned to training in Salem on December 5, 2011, defendant intentionally and improperly accessed and/or "hacked" into the company computer assigned to Rinne without authorization or consent from plaintiff.

40. By virtue of this improper access, plaintiff obtained and has retained confidential and proprietary information of plaintiff that was stored electronically on plaintiff's electronic communications system (computer).

## THIRD CLAIM FOR RELIEF

### (Unfair Competition)

### (COUNT ONE: Violation of Uniform Trade Secrets Act)

41. Plaintiff realleges paragraphs 1-30.

42. In the course of its business, plaintiff has compiled and maintained confidential and trade secret information, including but not limited to customer information, asphalt daily

Page 6 - COMPLAINT

reports, inventory production information, truck/job totals, field work sheets, void work sheets, gyratory data, quality control test data, information regarding plaintiff's operations, and other trade secret information (hereinafter referred to collectively as "plaintiff's trade secret information").

43.  During the course of his employment at plaintiff, defendant has removed, retained, disclosed, and directly or indirectly used or otherwise misappropriated plaintiff's trade secret information.

44.  Defendant's removal of plaintiff's trade secret information was without authorization, was intentional, and occurred on various dates, including December 5, 2011.

45.  Defendant had a duty to maintain the secrecy of plaintiff's trade secret information and to limit its disclosure to third parties.

46.  Defendant had a duty to safeguard and maintain for the benefit of plaintiff plaintiff's trade secret information.

47.  Plaintiff's trade secret information derives independent economic value, actual or potential, from not being known to the public.

48.  As a result of the acts complained of above, plaintiff has suffered damages.

49.  Plaintiff's misappropriation of plaintiff's trade secret information described above was willful and malicious and, as a consequence, plaintiff is entitled to an award of exemplary damages in an amount twice any award for damages.

50.  Plaintiff has been required to retain counsel and commence this litigation in order to prevent defendant's continued retention, disclosure, use, and misappropriation of plaintiff's trade secret information.  Plaintiff will seek leave to allege the exact amount of its costs, disbursements, and reasonable attorneys.

51.  Unless enjoined and restrained by this Court, defendant and others acting in concert with him will continue the complained of acts.

Page 7 - COMPLAINT

52. Because of the difficulty of measuring both damages and future harm, plaintiff has an inadequate remedy at law and is entitled to an order enjoining the conduct of defendant and others acting in concert with him.

### (COUNT TWO:  Unfair Competition)

53. Plaintiff realleges paragraphs 1-30.

54. The acts of defendant in misappropriating plaintiff's confidential and proprietary information, retaining that information, disclosing that information, and otherwise misappropriating that information constitutes unfair competition.

55. As a direct and proximate result of the conduct of defendant, plaintiff has suffered and continues to suffer damages as a result of lost business and good will in an amount presently unknown.

### FOURTH CLAIM FOR RELIEF

### (Conversion)

56. Plaintiff realleges paragraphs 1-30.

57. Commencing on or before December 5, 2011, and continuing to the present, defendant interfered with plaintiff in the possession and use of its property in the following particular:  defendant misappropriated and converted to his own use the confidential and proprietary information of plaintiff.

58. As a direct result of said interference by defendant with the possession and use of plaintiff's property, plaintiff has been damaged in an amount to be determined at trial.

### FIFTH CLAIM FOR RELIEF

### (Injunction)

59. Plaintiff realleges paragraphs 1-30, 32-36, 38-40, 42-52, 54-55, and 57-58.

60. As a direct and proximate result of the conduct of defendant, plaintiff has been injured and suffered and will continue to suffer irreparable harm.

61. Unless restrained by this Court, defendant will continue the complained of acts.

Page 8 - COMPLAINT

62.     Because of the difficulty of measuring damages and future harm, plaintiff has an inadequate remedy at law and is entitled to an order enjoining the conduct of defendant.

WHEREFORE, plaintiff prays for judgment as follows:

**First Claim for Relief (Violation of Computer Fraud and Abuse Act).**

(1)     That plaintiff be awarded its damages and reimbursed for its damages and losses by reason of defendant's unauthorized acquisition, retention, disclosure, and use of confidential and proprietary business information belonging to plaintiff which amount of damages and loss is in aggregate no less than $5,000.00.

(2)     That plaintiff be awarded its costs and disbursements and such other relief as the Court may deem just and equitable.

**Second Claim for Relief (Violation of Electronic Communications Privacy Act).**

(1)     That plaintiff be awarded its damages and reimbursed for its losses by reason of defendant's unauthorized acquisition, retention, and disclosure of confidential and proprietary business information belonging to plaintiff which amount of damages and loss is in aggregate no less than $5,000.00.

(2)     That plaintiff be awarded its costs and disbursements and such other relief as the Court may deem just and equitable.

**Third Claim for Relief (Unfair Competition) (Count One: Violation of Uniform Trade Secrets Act).**

(1)     That defendant and anyone acting in concert with him (including but not limited to his attorneys) be immediately and permanently enjoined from:

(a)     retaining plaintiff's trade secret information;

(b)     disclosing plaintiff's trade secret information;

(c)     using plaintiff's trade secret information.

Page 9 - COMPLAINT

(2) That plaintiff be awarded its money damages for lost business, profit, and good will in an amount to be proven at trial.

(3) That plaintiff (upon leave of the Court) be awarded punitive damages in an amount not to exceed twice the award of damages.

(4) That plaintiff be awarded its costs and disbursements and reasonable attorneys' fees and such further relief as the Court may deem just and equitable.

**Third Claim for Relief (Unfair Competition) (Count Two: Common Law Unfair Competition).**

(1) That plaintiff be awarded its money damages for loss of business, profit, and good will in an amount to be proven at trial.

(2) That plaintiff be awarded its costs and disbursements herein and such further relief as the Court may deem just and equitable.

**Fourth Claim for Relief (Conversion).**

(1) That plaintiff be awarded its money damages for loss of business, profit, and good will in an amount to be proven at trial.

(2) That plaintiff be awarded its costs and disbursements herein and such further relief as the Court may deem just and equitable.

**Fifth Claim for Relief (Injunction).**

(1) That defendant and anyone acting in concert with him, including his attorneys or any competitor or third party, be immediately and permanently restrained and enjoined from:

(a) retaining plaintiff's confidential and proprietary information;

(b) disclosing plaintiff's confidential and proprietary information;

(c) using plaintiff's confidential and proprietary information;

(2) That defendant and anyone acting in concert with him, including his attorneys or other third parties, be ordered to immediately turn over to plaintiff's counsel all of plaintiff's confidential and proprietary information misappropriated by defendant.

Page 10 - COMPLAINT

DATED this 14th day of November, 2012.

                                          BARRAN LIEBMAN LLP

                                          By   *s/Richard C. Hunt*
                                                Richard C. Hunt, OSB No. 680770
                                                rhunt@barran.com
                                                Edwin A. Harnden, OSB No. 721129
                                                eharnden@barran.com
                                                Laura Salerno Owens, OSB No. 076230
                                                lsalerno@barran.com

                                       Attorneys for Plaintiff K.F. Jacobsen & Co., Inc.

Page 11 - COMPLAINT