UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


K. F. JACOBSEN & CO., INC.,                    Case No.: 3:12-CV-2062-AC

                         Plaintiff,                    OPINION AND ORDER

          v.

RYAN GAYLOR,

                         Defendant.
_____

ACOSTA, Magistrate Judge:

*Introduction*

 K.F. Jacoben & Co. ("Jacobsen"), filed this action against its former employee, Ryan Gaylor

("Gaylor"), seeking protection from the release of confidential information held by Gaylor and his

counsel.  Jacobsen prayed for damages resulting from Gaylor's taking, retaining, and disclosing

numerous confidential documents, and an injunction preventing Gaylor from engaging in such

conduct in the future.  Jacobsen now moves to dismiss the action under FED. R. CIV. P. 41(a)(2) representing that the relief sought has been granted in a concurrent state court proceeding.  Gaylor does not object to the dismissal of the action but asks that the dismissal be conditioned on the imposition of attorney fees and costs as a sanction under FED. R. CIV. P. 11 ("Rule 11").

The court finds that dismissal of the action under FED. R. CIV. P. 41(a)(2) is appropriate and that the complaint filed by Jacobsen was not frivolous or without evidentiary support.  Accordingly, Jacobsen's motion to dismiss should be granted without the imposition of any attorney fees or costs under Rule 11.

*Background*

Jacobsen filed this action on November 14, 2012.  Pending at that time was an action filed by Gaylor against Jacobsen in the Circuit Court of the State of Oregon for the County of Multnomah, Case No. 1207-09372 (the "State Action").

On December 14, 2012, Gaylor filed a motion to dismiss all five claims asserted in the amended complaint filed on November 28, 2012 (the "Amended Complaint"), relying on numerous extrinsic documents.   The court advised the parties that it would "not consider extrinsic evidence regarding defendant's motion to dismiss" because the extrinsic evidence related to the merit's of the parties' dispute and not to the plausibility of the claims pleaded in the Amended Complaint. Thereafter, Gaylor withdrew his motion to dismiss with regard to all but two claims: the Second Claim for Relief for violation of the Stored Wire and Electronic Communications and Transactional Records Access Act; and the Fourth Claim for Relief for conversion.  The court granted the motion on the Second Claim for Relief and denied the motion on the Fourth Claim for Relief.  *K.F. Jacobsen & Co., Inc. v. Gaylor*, 947 F. Supp. 2d 1120 (D. Or. 2013).  Jacobsen then filed a second

amended complaint eliminating the Second Claim for Relief.

On April 9, 2013, the court in the State Action issued an order finding that Gaylor wrongfully obtained and retained in excess of 1,500 documents while employed by Jacobsen and that Gaylor and his counsel unfairly benefitted from Gaylor's improper conduct. (Doshi Decl. Ex. B at 1.) The court ordered Gaylor to return the documents to Jacobsen and disqualified Gaylor's counsel from further representation of Gaylor. (Doshi Decl. Ex. B at 2-3.) Gaylor sought a writ of mandamus from the Oregon Supreme Court, which issued an alternative writ of mandamus on August 7, 2013, directing the trial court to vacate its order disqualifying Gaylor's counsel within fourteen days. (Doshi Decl. Ex. C.) The trial court refused to comply with the writ of mandamus initiating further briefing on the issue before the Oregon Supreme Court. (Doshi Decl. Ex. D at 1.)

On September 9, 2013, the court ordered Jacobsen to "[p]rovide as many documents as possible to defendant by 9/19/13, with the emphasis being on documents defendant had returned to plaintiff, because of a ruling in the related state court case." Jacobsen then moved for a protective order, relying on the ruling in the State Action prohibiting Gaylor and his counsel from obtaining access to the requested documents. On October 22, 2013, the court ordered Jacobsen to produce the relevant documents subject to a protective order and asked the parties to agree on the language of a stipulated protective order, or submit their own versions of a protective order for the court's review.

On November 4, 2013, Jacobsen filed its motion to dismiss under FED. R. CIV. P. 41(a)(2). The parties filed a stipulated protective order, which was signed and entered by the court on November 12, 2013, however, the court stayed production of the documents pending resolution of Jacobsen's motion to dismiss. Gaylor does not object to the dismissal of this action but asks the

court to condition the dismissal on an award of attorney fees as a sanction against Jacobsen under

Rule 11.

*Legal Standard*

FED. R. CIV. P. 11(b) provides, in pertinent part, that:

By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1)  it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2)  the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3)  the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4)  the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a belief or a lack of information.

If "the court determines that Rule 11(b) has been violated, the court may impose an appropriate

sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."

FED. R. CIV. P. 11(b) (2013).  An objective standard of reasonableness is applied to determinations

of both frivolousness and improper purpose.  *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830-31

(9th Cir. 1986), *abrogated on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384

(1990).

While the "improper purpose" and "nonfrivolous argument" standards are separate and

distinct grounds for the imposition of sanctions, "they will often overlap since evidence bearing on

frivolousness or non-frivolousness will often be highly probative of purpose." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990)(en banc).   The Ninth Circuit has squarely held that a complaint that is well-grounded in fact and warranted by existing law – a complaint that is non-frivolous – can not be filed for an improper purpose under Rule 11.  *Id.* (citing *Zaldivar*, 780 F.2d at 832).

When evaluating whether a complaint is frivolous or without evidentiary support, the court "must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry before signing and filing it.' " *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (quoting *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997)).  As shorthand for this test, the Ninth Circuit uses the word "frivolous" "to denote a filing that is both baseless and made without a reasonable and competent inquiry." *Townsend*, 929 F.2d at 1362.  However, if the complaint "states an arguable claim," sanctions are generally inappropriate.  *Stewart v. American Int'l Oil & Gas Co.*, 845 F.2d 196, 201 (9th Cir. 1988).  "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988).

## Discussion

As noted previously, the parties agree that this action may be dismissed under FED. R. CIV. P. 41(a)(2).  The only issue before the court is whether Gaylor is entitled to seek an award of attorney fees and costs under Rule 11 as a condition of that dismissal.  Gaylor argues that Jacobsen filed this action for  an improper purpose – to  prevent Gaylor from using the documents obtained from Jacobsen to reveal that Jacobsen has been defrauding governmental agencies for years.  Gayor

represents that Jacobsen intended to use the court to recover the documents and obtain rulings which it could then use to protect the documents in the State Action. Gaylor also complains that Jacobsen did not move to dismiss this action for nearly seven months after receiving the relief it sought in the State Action.

Gaylor's argument that Jacobsen filed this action for an improper purpose places the allegations of the initial complaint filed November 14, 2012 (the "Complaint") at issue. In the Complaint, Jacobsen asserts five claims based the improper taking and retention of company documents by Gaylor, and the disclosure of those documents by Gaylor to third parties. The claims included three statutory claims for violation of the Computer Fraud and Abuse Act, the Electronic Communications Privacy Act, and the Uniform Trade Secrets Act, as well as common law claims for conversion and injunctive relief. Jacobsen sought money damages, return of the company documents, and an injunction preventing Gaylor from retaining, disclosing, or using Jacobsen's trade secrets or other confidential and proprietary information.

Gaylor does not dispute that he took the documents or that he retained possession of them until ordered to return them in the State Action. An employee's taking and retention of documents which his employer considers proprietary would, in virtually all cases, justify the filing of an action for the return of those documents. This is especially true when, as is the case here, the employer is not aware of the amount or identity of the documents taken, or to whom those documents may have been disclosed, because the employee continues to retain the documents. *See Townsend*, 929 F.2d at 1364 ("If the relevant facts are in control of the opposing party, more leeway must be given to make allegations in the early stages of the litigation that may not be well-grounded."). Gaylor represented in his motion to dismiss that a review of the company documents would establish the

majority of the documents do not contain trade secrets or other confidential and proprietary information, makes even more clear that Jacobsen's lack of knowledge on specifically what Gaylor took must be considered in determining whether the Complaint was frivolous.

The court has found that Jacobsen alleged a viable claim – conversion. Furthermore, the dismissal of Jacobsen's claim under the Electronic Communications Privacy Act was based on a finding that Jacobsen's internal email service did not require the involvement of the Internet or other electronic communications involving a third party as required under the Act. The assertion of that claim, and the argument in support of it, was not frivolous.

In his motion to dismiss, Gaylor argues that the documents he obtained and retained did not contain trade secrets, or other confidential or proprietary information, that he was authorized to take or copy the documents, and that Jacobsen failed to properly protect the documents. These are factual issues regularly presented to the court at the summary judgment stage or the trier of fact at a trial. That both sides have evidence and viable arguments to support their disparate positions supports a finding that the Complaint alleges arguable claims, both legally and factually.

The court finds the Complaint was neither baseless nor made without a reasonable and competent inquiry, and that the Complaint alleged arguable claims. Because the Complaint was well-grounded in fact and warranted by existing law, it can not be found to have been filed for an improper purpose for the purposes of Rule 11 sanctions. Accordingly, Jacobsen's intent in filing the Complaint is irrelevant.

Gaylor also complains about the delay of nearly seven months between the order requiring return of the documents in the State Action and the filing of Jacobsen's motion to dismiss this action. Rule 11 applies only to signed pleadings filed with the court. The failure of counsel or a party to

timely file a pleading is not actionable under Rule 11 under these facts.

Gaylor has failed to establish that the claims asserted by Jacobsen in the Complaint were frivolous, unsupported by evidence, or made for an improper purpose. Gaylor is not entitled to an award of attorney fees and costs as sanctions under Rule 11. The dismissal of this action under FED. R. CIV. P. 41(a)(2) shall be entered without the Gaylor's requested condition for the imposition of such sanctions.

*Conclusion*

Jacobsen's motion (#59) to dismiss this action under FED. R. CIV. P. 41(a)(2) is GRANTED. Such dismissal is without prejudice or the imposition of costs or attorney fees as a Rule 11 sanction.

DATED this 23rd day of January, 2014.


　　　　　　　/s/ John V. Acosta
　　　　　　　JOHN V. ACOSTA
　　　　　　United States Magistrate Judge